**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:**<br><br>**Regan Ni-Cole Wilson-Leach,**<br><br>**Debtor.** | **Case No. 26-11649-BFK**<br><br>**Chapter 7** |
| **Matthew W. Cheney,**<br>**United States Trustee**<br>**For Region 4,**<br><br>**Movant,**<br>**v.**<br><br>**Regan Ni-Cole Wilson-Leach,**<br><br>**Respondent.** | |

**THE ACTING UNITED STATES TRUSTEE'S MOTION**
**UNDER 11 U.S.C. § 707(b)(1) TO DISMISS CHAPTER 7 CASE FOR ABUSE**

Matthew W. Cheney, the Acting United States Trustee for Region 4 ("the U.S. Trustee"), by and through his undersigned counsel, moves to dismiss this chapter 7 case under the provisions of 11 U.S.C. § 707(b)(1). In support thereof, the Acting United States Trustee alleges the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This motion is filed under 11 U.S.C. § 707(b)(1).

Katharine I. Toledo
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202)-603-5203
Katharine.I.Toledo@usdoj.gov

## FACTUAL BACKGROUND

2. On July 10, 2026, Regan Ni-Cole Wilson-Leach ("the Debtor")[1] filed a voluntary chapter 7 petition and schedules. Docket No. 1.

3. Kevin R. McCarthy was appointed as the Chapter 7 Trustee, and the § 341 Meeting of Creditors took place on August 19, 2026. Docket No. 6.

4. On the Debtor's Chapter 7 Statement of Current Monthly Income – Official Form 122A-1 ("the Income Form"), the Debtor reported her annualized current monthly income as $89,088.00. *See* Docket No. 1 at 64. Her annualized monthly income exceeds the applicable median family income for a family size of one, which is $76,479.00.[2] As a result, the Debtor was directed to complete Official Form 122A-2 Chapter 7 Means Test Calculation ("the Expanded Means Test") in order to determine the presumption of abuse. *Id*.

5. Although the Debtors indicated that the presumption of abuse **did not** arise, the U.S. Trustee, after performing his own calculations, determined that in actuality the presumption of abuse **did** arise.

6. Thus, on August 24, 2026, the Acting United States Trustee timely filed a statement with the Court that the Debtor's case should be presumed to be an abuse under Section 707(b). *See* Docket No. 16.

7. According to Schedule I, the Debtor is employed as an Administrative Officer for the Veterans Health Administration, earning monthly gross wages of $7,424.00. Docket No. 1 at 42-43.

---

[1] This Debtor previously filed a voluntary chapter 7 petition and schedules in 2024. *See* Case No. 24-12245. The U.S. Trustee also filed a Motion to Dismiss for Abuse in the 2024 case. *See* Docket No. 23. The U.S. Trustee's Motion was granted on May 13, 2025, and the prior case was converted to chapter 13. Docket Nos. 48-49. The chapter 13 case was ultimately dismissed without prejudice on September 16, 2025. Docket No. 73.

[2] The Debtor's bankruptcy papers understate the median income for her state and household size as $75,202.00. The correct median family income for her state and household size, however, is $76,479.00.

8. The Debtor's monthly income, after deductions, is approximately $4,237.97.[3]

9. According to Schedule J, the Debtor has a household size of one and total monthly expenses of $3,560.22. *Id*. at 46.

10. The Debtor's monthly net income is approximately $677.75.[4]

11. The Debtor's Schedule A/B lists personal property totaling $3,867.55 which is comprised of

| | |
|---|---|
| Household goods and furnishings | $2,500.00 |
| Electronics | $300.00 |
| Equipment for sports and hobbies | $115.00 |
| Firearms | $200.00 |
| Clothes | $1,000.00 |
| Jewelry | $150.00 |
| Non-farm animals | $100.00 |
| Deposits of money (checking and savings) | -$497.45 (negative balance) |

*Id*. at 12-21.

12. According to Schedule D, the Debtor does not owe any secured debts. *Id*. at 24.

13. According to Schedule E/F, the Debtor does not owe any priority unsecured debts. *Id*. at 27.

14. Schedule E/F lists $128,913.64 in nonpriority unsecured debt. *Id*. at 27-35.

15. The Debtor admits that her debt is primarily consumer debt. *Id*. at 7.

**<u>THE CASE SHOULD BE DISMISSED FOR ABUSE</u>**

**The presumption of abuse arises under § 707(b)(2)**

16. Section 707(b)(2)(A)(i) provides, in pertinent part:

> …the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of –

[3] The Debtor's Schedule I incorrectly calculates her income after deductions as $2,811.16. Docket No. 1 at 43.
[4] The Debtor's Schedule J incorrectly calculates her net income as - $749.06 due to the use of the incorrectly calculated income figure mentioned in Footnote 2. *Id*. at 46.

> (I) 25 percent of the debtor's nonpriority unsecured claims in the case or $9,075, whichever is greater; or
>
> (II) $15,150.

11 U.S.C. § 707(b)(2)(A)(i).

17. On Line 13 of the Income Form, the Debtor reports a household of one. The applicable median family income for a household size of one is $76,479.00. *See* Docket No. 1 at 64.

18. According to the Expanded Means Test as filed, the Debtor's adjusted current monthly income is $7,424.00. She calculated deductions for allowances and expenses as $9,462.68 and was left with a monthly disposable income of - $2,038.68. *Id*. at 73.

19. However, a review of the Debtor's Expanded Means Test reveals that the Debtor miscalculated her deductions. The Expanded Means Test contains the following errors:

a. Line 7g overestimates the Debtor's out of pocket healthcare allowance as $241.00, where it should be $83.00;

b. Line 8 overestimates the Debtor's insurance and operating expenses as $2,401.00, where it should be $582.00;

c. Line 9a overestimates the Debtor's mortgage or rent insurance as $2,401.00, where it should be $2,364.00;

d. Line 9b takes deductions for the Debtor's payments to the IRS and Virginia Department of Taxation, but such payments do not constitute payments on mortgages or other debts secured by the debtor's home;

e. Accordingly, Line 9c incorrectly states the Debtor's net mortgage or rent expense as $471.44, when it should be $2,364.00;

f. Line 10 takes an unsubstantiated additional deduction of $2,600.00;

g. Line 12 takes a $285.00 deduction for vehicle operation expenses, despite the fact that no vehicle is listed on the Debtor's Schedule A/B;

h. Line 23 takes an impermissible $327.99 deduction for optional telephones and telephone services without substantiation of the expense;

i. Line 30 overestimates the IRS standard for additional food and clothing expenses as $410.00, where it should be $30.00;

j. Line 33a accounts for a deduction of $1,949.56 for "mortgage", despite the fact that the Debtor does not have a mortgage;

k. Line 33d accounts for deductions of $724.82 and $1,204.74, respectively, for the Debtor's payments to the IRS and Virginia Department of Taxation, despite the fact that these are not payments on secured debts;

l. Accordingly, Line 33e takes a total deduction of $3,859.12 where the Debtor is not entitled to any deductions;

20. The U.S. Trustee contends that if the Means Test Form was filed, it will show monthly disposable income on Line 39d in an amount sufficient to exceed the threshold for the presumption of abuse under 11 U.S.C. § 707(b)(2)(A)(I).

21. Thus, the Court should therefore dismiss this case as an abuse of the chapter 7 provisions pursuant to 11 U.S.C. § 707(b)(1), based upon the presumption of abuse that arises pursuant to 11 U.S.C. § 707(b)(2).

**Under The "Totality Of The Circumstances" Test**
**Of § 707(b)(3)(B) This Case Is Abusive**

22. Although the United States Trustee believes that the presumption of abuse arises in this case, if the Court finds that the presumption does not arise, the United States Trustee asserts that this case should be dismissed as an abuse under the provisions of 11 U.S.C. § 707(b)(3).

23. The provisions of 11 U.S.C. § 707(b)(1) allow the Court to dismiss a chapter 7 case filed by an individual with primarily consumer debt (or convert it to chapter 13 with the debtor's consent) if the Court finds that the granting of relief would be an abuse of the provisions of chapter 7.

24. Section 707(b)(3) further provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph 2(A)(i) does not arise or is rebutted, the court shall consider –
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3).

25. In considering the "totality of the circumstances", courts have found that the ability to pay, in and of itself, is sufficient justification to dismiss a case. *See In re Henebury*, 361 B.R. 595, 607 (Bankr. S.D. Fla. 2007) (finding that under BAPCPA "the ability to pay, standing alone, is sufficient to warrant dismissal of a Chapter 7 case for abuse pursuant to 11 U.S.C. §707(b)(3)(B).").

26. In a pre-BAPCPA case, the Fourth Circuit has also recognized a debtor's ability to repay as a "*primary* factor" to be considered in dismissing a case for "substantial abuse" but declined to hold that ability to repay, standing alone, would justify dismissal in a case decided

under the previous version of § 707(b). *See In re Green*, 934 F.2d 568, 572 (1991) (emphasis in original). Instead, the court adopted an approach that considers various factors in making the determination.

27. The United States Trustee submits that, in light of the post-BAPCPA statutory changes to § 707(b), when the totality of the Debtor's financial circumstances indicates that she has the ability to repay her debts without undue hardship, as in this case, it would be an abuse to grant her a chapter 7 discharge. At the very least, the Debtor's ability to pay has significantly more weight since the 2005 amendments.

28. Based on the U.S. Trustee's calculation of the Expanded Means Test, the Debtor will have disposable income that may be used to pay her creditors through a chapter 13 plan.

29. This ability to repay a portion of the Debtor's unsecured non-priority claims, under the totality of the circumstances of this case, is an abuse of the provisions of chapter 7 within the meaning of 11 U.S.C. § 707(b)(3). Thus, this case should be dismissed pursuant to 11 U.S.C. § 707(b)(1).

WHEREFORE, the Acting United States Trustee respectfully requests that the Court enter an Order dismissing this case pursuant to § 707(b)(1) and providing such other and further relief as is just and proper.

August 24, 2026

Matthew W. Cheney
Acting United States Trustee, Region 4

*/s/ Katharine I. Toledo*
Katharine I. Toledo, D.C. Bar No. 90027591
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202) 603-5203 (Office Cell)
Email: katharine.i.toledo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I electronically filed the foregoing motion along with the Notice of Motion and Proposed Order with the Clerk of the Court and transmitted a true and correct copy of said documents electronically through the electronic case filing system or by first class United States mail, postage prepaid to the following:

Regan Ni-Cole Wilson-Leach
11575 Cavalier Landing Ct., Unit 202
Fairfax, VA 22030

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov,
robert.w.ours@usdoj.gov;USTPRegion04.ax.ecf@usdoj.gov

Kevin R. McCarthy krm@mccarthywhite.com,
kmccarthy@premierremote.com;DC07@ecfcbis.com

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist